*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★  ★  ★                                        ★  ★  ★

## MEMORANDUM OPINION

No. 04-08-00805-CR

Terry **TRENTACOSTA**,
Appellant

v.

THE **STATE** OF TEXAS,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-6469
Honorable Juanita Vasquez-Gardner, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:    September 9, 2009

AFFIRMED

Defendant, Terry Trentacosta, was charged with five counts of aggravated sexual assault and two counts of indecency with a child by sexual contact. A jury found him guilty on all counts, and assessed punishment at forty years' confinement for each count of aggravated sexual assault, and twenty years' confinement for the two counts of indecency with a child. On appeal, defendant contends the evidence is legally insufficient to support the verdict on count seven of the indictment and factually insufficient to support the verdict on counts three, four, and seven. We affirm.

# LEGAL AND FACTUAL SUFFICIENCY

We review the sufficiency of the evidence under the appropriate standards of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (legal sufficiency); *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (same); *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007) (factual sufficiency).

In his first and second issues, defendant asserts the evidence is both legally and factually insufficient to support his conviction on count seven of the indictment. Counts one and seven charged defendant with aggravated sexual assault of a child alleging defendant intentionally and knowingly caused the sexual organ of the complainant to contact his mouth, on two separate dates. Defendant contends the evidence was insufficient to support the verdict on count seven because the evidence did not establish he caused the complainant's sexual organ to contact his mouth on more than one occasion.[1]

In the complainant's statement to the police, which was entered into evidence, the complainant recounted the first time she was assaulted: "It was night time, he came in my room and started to kiss me and hug me and say he loved me. Then he took off my pajama bottoms and underwear. Then he put his finger in my vagina and also licked it." She continues to describe the recurring abuse: "It started at night, but then he started to do it in the morning before school and when we were home alone. In the morning he would come in my room and turn my alarm clock off and wake me up and do the same things." The complainant also described the last time she was assaulted: "He put his finger in my vagina and licked it." On appeal, defendant contends "it" is too

---

[1] Defendant does not challenge the jury's verdict on count one of the indictment.

vague to indicate with certainty whether the complainant was referring to defendant's finger or her vagina.

At trial, the complainant testified that the first time she was assaulted by defendant he entered her room in the middle of the night, took off her clothes, inserted his finger into her vagina, and "licked [her] private area." Her "private area" was later identified as her vagina. When asked to describe the other times she was assaulted, the complainant testified that "it happened -- the -- the -- like the first time, like the same thing." After a review of the entire record, we conclude that a rational trier of fact could have found that the State met its burden to prove the essential elements of the offense and the evidence was not so weak that the verdict on count seven was clearly wrong or manifestly unjust.

In his third issue, defendant claims the evidence was factually insufficient to support a guilty verdict on count three of the indictment, which alleged defendant caused the complainant's mouth to contact his sexual organ. Defendant argues that because the complainant testified defendant's penis was normal, and there was evidence his penis was in fact deformed, the great weight and preponderance of the evidence contradicts the jury's verdict.

 The complainant testified at trial that defendant put his penis in her mouth. When asked if defendant's penis looked like a picture that she had seen in health class, complainant's first response was "I don't know. I don't pay attention. I wanted to block it." When asked again, she said "yes." Defendant argues on appeal that it is impossible to believe the complainant would not have noticed his deformed penis. We construe defendant's argument as an assertion that the complainant was lying about the alleged sexual contact because, if she were telling the truth, she would have described defendant's penis as deformed. However, "[t]he jury is the exclusive judge of the credibility of

witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc). Here, the jurors chose to believe the complainant's testimony and we may not substitute our judgment regarding the credibility of the witnesses for that of the jury. *See Vodochodsky v. State*, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005). Reviewing all the evidence, we hold that the evidence is factually sufficient to support the jury's verdict on count three.

In his fourth issue, defendant claims the evidence was factually insufficient to support a guilty verdict on count four of the indictment, which alleged indecency with a child by causing the complainant to touch his sexual organ.[2]

At trial, the complainant testified defendant "would tell [her] to touch his penis and [she] would tell him no so he would take [her] hand and he would put it on there with his and he would go up and down." She also testified defendant would ejaculate on her bed sheets. Defendant's semen was found on the complainant's bedspread. Defendant argues his semen was on the bedspread because it was previously used on the bed he shared with the complainant's mother. He also claimed he and the complainant's mother had sex in every room in the house, including the complainant's bedroom, and that is how his semen got on the complainant's bedspread. The complainant's mother denied ever having sex with defendant in her daughter's room. On appeal, defendant questions the complainant's credibility because she testified defendant ejaculated on her bed sheets and not her bedspread. Defendant argues the presence of his semen on the complainant's bedspread is insufficient to prove he committed the offense charged in count four. However, the presence of his semen on the complainant's bedspread was not the only evidence presented to prove

---

[2] Defendant also asserts count four is factually insufficient because the complainant characterized his penis as normal. We overrule this argument for the same reasons discussed in our disposition of defendant's third issue.

the alleged offense. The complainant testified defendant forced her to touch his penis, and her statement to the police, the sexual assault examination nurse's testimony, and the outcry witness's testimony all support her testimony. As stated above, the jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony. On this record, we cannot conclude that the evidence is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Roberts*, 220 S.W.3d at 524.

## CONCLUSION

We overrule defendant's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice

DO NOT PUBLISH